Froessel, J.
(concurring). I concur with Judge Fuld for reversal. I do not agree, however, that a judge’s charge to a jury is a “ decision ’ ’ within the plain meaning of section 22 of article VI of our State Constitution. When that section provides for the creation of a State Law Reporting Bureau, under the direction of an official State Reporter appointed by our court, charged with the duty “ of publishing official reports *689 of the opinions or decisions ” of the courts of the State, and then adds: ‘ ‘ But all laws and judicial opinions or decisions shall nevertheless be free for publication by any person ”, I simply cannot see how we can hold that a judge’s jury instructions may be deemed to be a decision within the meaning of that section, and no one has ever suggested that it did during the 111 years since its first adoption in the Constitution of 1846. Nor do I agree that section 66 of the Public Officers Law by its terms commands an official stenographer to prepare transcripts when they were demanded, upon tender of his fees.
I do agree, however, that said constitutional and statutory provisions are but additional evidence that fundamental considerations of public policy of this State demand, except where the Legislature or court decisions have decreed otherwise, that all court proceedings in a publicly held trial be open to the fullest public scrutiny.
Section 301 of the Judiciary Law provides that the “ original stenographic notes must be written out at length by the stenographer ” (1) if the judge so directs or (2) if the stenographer is required so to do by a person entitled by law to a copy of the same; otherwise “the stenographer is not bound so to write them out”. It seems quite clear that the last-quoted phrase simply means that he need not transcribe his notes in every case. Under section 302 of the Judiciary Law he is expressly required to furnish upon request, with all reasonable diligence, a copy to the defendant in a criminal cause, the District Attorney, the Attorney-General, a party or his attorney in a civil cause, upon payment of the fees allowed by law.
In view of the well-established public policy of this State, the legislative mandate that ‘ ‘ sittings of every court within this state shall be public, and every citizen may freely attend the same ”, with specified exceptions (Judiciary Law, § 4), and inasmuch as there is no statute forbidding the issuance of stenographic transcripts of trials, I am of the opinion that when any member of the public submits a valid reason for desiring a copy of the minutes of a public trial, it is not only the right but the duty of a judge of the court to approve such request, and make the appropriate direction as authorized by section 301 of the Judiciary Law.
In the instant case, a daily newspaper published in the city of New York requested a transcript of the judge’s charge, the *690 stenographic notes of Avhich had already been transcribed, and tendered the necessary fee therefor. The request was reasonable, for newspapers are charged by law, when commenting on any judicial proceeding, to publish “ a fair and true report” (Civ. Prac. Act, § 337). The stenographer had first agreed to furnish the same, but then the judge forbade it. This was a clear abuse of judicial discretion as a matter of law.
Accordingly, the order appealed from should be reversed.
. Desmond, Van Voorhis and Burke, JJ., concur with Fuld, J.; Conway, Ch. J., concurs in result in a separate memorandum ; Froessel, J., concurs for reversal in a separate opinion in AA’liich Dye, J., concurs.
Order reversed and matter remitted to Special Term for further proceedings not inconsistent with the opinion herein.